1

2  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
3  AT TACOMA

| | |
|---|---|
| 4  NATASHA PFAFF, by and through her guardians, Maureen and Donald Pfaff, individually and on behalf of all other similarly situated persons, | Case No. C07-5280RJB |
| 6                    Plaintiff, | |
| 7         v. | |
| 8  ROBIN ARNOLD-WILLIAMS, in her official capacity as the Secretary of WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, and the WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | |
| 11                   Defendants. | |
| 12 LEYA REKHTER, an individual receiving Medicaid benefits under the Community Options Program Entry System (COPES), and ALEX ZIMMERMAN, an aggrieved live-in care provider for an individual in the COPES program, LISA R. FUCHSER, an individual receiving Medicaid benefits under the Medicaid Personal Care (MPC) program, and JUDITH L. ALBERTS, a live-in care provider for an individual in the MPC program, and PAUL RACCHETTA, a live-in care provider for an individual in the COPES program, and others similarly situated, | Case No. C07-5306RJB |
| 19          Plaintiffs/Petitioners | |
| 20        v. | |
| 21 STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, A Washington State Agency, ROBIN ARNOLD-WILLIAMS (individual and official capacities), Secretary of DSHS; DENNIS BRADDOCK (individual and official capacities), Former Secretary of DSHS; KATHY LEITCH (individual and official capacities), Assistant Secretary for the Aging and Disability Services Administration, Jane and John Does Nos. 1 thru 100, | |
| 27     Defendants/Respondents. | |

ORDER
Page - 1

This matter comes before the court on review of defendants' Motion to Stay Pending Disposition of a Previously Filed Case Seeking the Same Relief on Behalf of the Same Class on the Same Legal Bases (C07-5280RJB, Dkt. 6) and on plaintiff's Motion for Consolidation and Appointment of Interim Counsel on Behalf of Putative Class of Medicaid Beneficiaries (C07-5280, Dkt. 11). The court has considered the motions, responses to the motions, including the response of plaintiffs' counsel in *Rekhter v. State of Washington*, C07-5306RJB (hereafter *Rekhter* case) (Dkt. 20), and the remainder of the file herein.

## PROCEDURAL HISTORY

On May 4, 2007, *Rekhter* v. *State of Washington, et al.* (hereafter *Rekhter*) was filed in Thurston County Superior Court, cause number 07-2-00895-8. C07-5306RJB, Dkt. 1, Exh. A. On June 20, 2007, the *Rekhter* case was removed to federal court. C07-5306RJB, Dkt. 1.

On May 8, 2007, *Pfaff v. Arnold-Williams*, (hereafter *Pfaff*) was filed in Thurston Count Superior Court under cause number 07-2-00911-3. C07-5280, Dkt. 1, Exh. A. On May 18, 2007, Ms. Pfaff filed a First Amended Complaint (Class Action). C07-5280RJB Dkt. 1, Exh. B. On June 6, 2007, the Pfaff case was removed to federal court. C07-5280RJB Dkt. 1, Exh. B.

A third case, *SEIU 775 v. Robin Arnold-Williams*, King County No. 07-2-17710-8SEA was filed in King County Superior Court during May of 2007.

For the purposes of these motions, the court assumes defendants' account of the context in which these cases arose. The cases involve a claim on behalf of a class of recipients of personal care services *(Pfaff and Rekhter)* and providers of personal care services (*Rekhter)* through four public assistance programs administered by defendant Washington State Department of Social and Health Services (DSHS). The four programs are: (1) the Community Options Program Entry System (COPES)(42 U.S.C. § 1396n(c) and RCW § 74.39A.030(2)); (2) the Medicaid Personal Care (MPC) program  (42 U.S.C. § 1396d(a)(24) and RCW 74.l09.520(2)); (3) the Medically Needy In-Home Waiver program (42 U.S.C. § 1396n(c), RCW 74.09.700(2)(a)(i) and RCW 74.39.041(1)); and (4) the Chore Program (RCW 74.39A.220).  While each program is somewhat different, they all have both functional disability and financial eligibility standards that recipients must meet in order to be eligible for benefits.  The first three programs are Medicaid programs for which the federal government reimburses slightly more than fifty percent of the state's expenditures.  The Chore Program is entirely state funded.

Under these programs, DSHS pays for eligible recipients to receive assistance with activities of daily living such as bathing, dressing, eating, and toilet use. These services are designed to enable the recipients to reside in their homes instead of in institutional settings. Recipients who are developmentally disabled receive services through the DSHS Division of Developmental Disabilities, and other disabled adults receive services through the DSHS Division of Aging. The methodology of determining the level of personal assistance for which the recipient is eligible is the same for all recipients.

The standard assessment process used by DSHS for determining both eligibility and the number of hours of assistance that will be provided is known as the Comprehensive Assessment and Reporting Evaluation (CARE) process. The CARE process is set forth in WAC 388-106-0080 through -0145. Prior to June 29, 2007, pursuant to former WAC 388-106-130(b)(3), recipients who chose to have providers who lived with them received fifteen percent fewer hours of paid assistance than those recipients whose providers were not part of the recipients' households. This was known as the shared living rule.

On May 3, 2007, the Washington Supreme Court, in *Jenkins v. Washington State Dept. Of Social and Health Services*, 160 Wn.2d 287 (2007) held that former WAC 388-106-0130(b)(3) (the Shared Living rule) violated the requirement of 42 U.S.C. § 1396a(a)(10)(B)(i) that the "amount, duration, and scope" of medical assistance available to one recipient of Medicaid services be comparable to the "amount, duration and scope" of assistance available to other recipients. The *Jenkins* opinion resolved three different administrative appeals of DSHS decisions determining the number of hours that individual recipients were eligible for under the COPES and MPC programs. DSHS filed a motion for reconsideration in *Jenkins*, seeking clarification as to whether the remand was to the superior courts that heard the administrative appeals or to DSHS pursuant to RCW 34.05.574. That motion may be pending.

## *PFAFF* AND *REKHTER* COMPLAINTS

The *Pfaff* amended complaint requests that the federal district court "[o]rder Defendants to provide the same remedy to Plaintiff and the proposed class that the Supreme Court ordered for the Petitioners in Jenkins, authorizing all personal care benefits wrongfully withheld from Plaintiff and the proposed class for their unmet needs for assistance with housekeeping, shopping, meal preparation, services, and wood supply, since shared living rule was applied to their case", C07-5280RJB, Dkt. 1, at 25. The *Rekhter* complaint requests compensatory earned wages/compensation/back benefits/ and or other damages

incurred to remedy the harms incurred by plaintiffs in that case, and proposes a class of both recipients and caregivers. C07-5306RJB, Dkt. 1-2, at 26.

Although a motion for class certification has not yet been filed in *Pfaff*, the putative class includes "[a]ll past and current Washington State Medicaid Beneficiaries whose personal care benefits were withheld because they lived with their paid caregivers, pursuant to WAC 388-106-130 and its predecessor regulation, WAC 388-72A-0095." C07-5280RJB, Dkt. 1, at 17. On July 26, 2007, plaintiffs in *Rekhter* filed a motion for class certification that is pending before the court. C07-5306RJB, Dkt. 5.

The *Pfaff* first amended complaint alleges the following claims for relief: (1) a claim under 42 U.S.C. § 1983 for violation of 42 U.S.C. § 1396a(a)(1) and the implementing regulations 42 C.F.R. §§ 431.246 and 440.240 (Comparability claim); (2) a claim under 42 U.S.C. § 1983 for violation of 42 U.S.C. § 1396a(a)(23) and the implementing regulation 42 C.F.R. § 431.51(a)(1) (Federal Choice of Provider claim); (3) a state law claim for violation of RCW 74.39A.270(4) (state Choice of Provider claim); (4) a state claim for violation of RCW 74.08.080(2)(f) and RCW 74.08.080(3) and the state's Medicaid plan (state Vendor Payment Principle); (5) violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*. and the implementing regulations (ADA claim); (6) claim for violation of the Due Process clause of the Fourteenth Amendment of the United States Constitution (Due Process claim); (7) claim for violation of the Equal Protection provision of Article I, Section 12 of the Washington State Constitution (state Equal Protection claim); (8) claim for violation of the Equal Protection clause of the Fourteenth Amendment of the United States Constitution (federal Equal Protection claim). C07-5280, Dkt. 1.

The *Rekhter* complaint alleges the following causes of action: (1) Medicaid Comparability Statute, 42 U.S.C. § 1396a(a)(10)(B), 42 C.F.R. §440.240(b) and 42 C.F.R. § 440.230(b)(Comparability Claim; (2) Fifth Amendment constitutional taking, incorporated through the Fourteenth Amendment (federal constitutional takings claim); (3) civil rights claim under 42 U.S.C. § 1983; (4) Title II of the Americans with Disabilities Act, 42 U.S.C. Chapter 126 and 28 C.F.R. Part 35 (ADA claim); (5) Section 504 of the Rehabilitations Act of 1973, 29 U.S.C. § 1984 (Rehabilitation Act claim); (6) Federal Impairment of Contracts, U.S. Constitution, Article I, § 10 (federal impairment of contracts claim); (7) state breach of contract; (8) Washington Law Against Discrimination, Chapter 49.60 RCW (WLAD claim); (9) unjust enrichment; and (10) quantum meruit. C07-5306, Dkt. 1-2, at 20-26. The complaint also apparently

1  alleges claims for violation of the Equal Protection clause of the U.S. Constitution, federal and state
2  substantive and procedural due process, and the Privileges and immunities clause of the Washington
3  Constitution; a state claim for impairment of contract; federal and state claims for violation of freedom of
4  choice of providers laws; a claim for violation of the state integration mandate; and a claim for violation of
5  the state functional ability mandate. C06-5306RJB, Dkt. 1, at 15-18.

6                                                    MOTIONS

7         On July 19, 2007, defendants in the *Pfaff* case filed a Motion to Stay Pending Disposition of a
8  Previously Filed Case Seeking the Same Relief on Behalf of the Same Class on the Same Legal Bases.
9  C07-5280RJB, Dkt. 6. Defendants request that the court enter an order staying further proceedings in
10 *Pfaff* pending resolution of *Rekhter* because *Pfaff* requests the same relief on behalf of the same class on
11 the same legal bases. Defendants contend that the interests of the plaintiff class in obtaining an expeditious
12 resolution of their complaint will not be adversely affected by a stay; allowing *Pfaff* to proceed
13 independently of *Rekhter* could subject defendants to different, inconsistent or contradictory rulings and
14 judgments; there is no point for two cases to go forward only to yield the same result; a stay in *Pfaff* will
15 eliminate duplication in the court's workload; there are no third parties with a direct interest in the issues
16 presented by these two cases whose interests would be adversely affected by dismissing or staying *Pfaff*
17 and allowing the issues to be fully resolved by *Rekhter*; the public interest is best served if the issues
18 presented in these two cases are resolved efficiently and expeditiously in one lawsuit; and consolidation
19 would add another group of lawyers to this case, which would result in unnecessary complication and
20 expense. *Id.*

21        Plaintiffs in *Pfaff* oppose the motion to stay (C07-5280RJB, Dkt. 17) and filed a Motion for
22 Consolidation and Appointment of Interim Counsel on Behalf of Putative Class of Medicaid Beneficiaries
23 (C07-5280RJB, Dkt. 11). *Pfaff* counsel request that the court consolidate rather than stay these two
24 cases, and that the court consider taking actions to coordinate the cases. *Pfaff* counsel contend that it
25 would not be appropriate for the same law firm to represent both the caregivers and the beneficiaries, since
26 these two groups have interests that are adverse to one another.

27        Counsel in *Rekhter* filed briefing in support of defendants' motion to stay and in opposition to
28 *Pfaff's* motion to consolidate. Dkt. 20. *Rekhter* counsel contends that there is no conflict between the

ORDER
Page - 5

caregivers and beneficiaries that would warrant separate representation for these two groups, and that *Rekhter* counsel is more experienced and familiar with the issues involved in these cases.

## DISCUSSION

### 1. Stay or Consolidate

Defendants request that the court stay the *Pfaff* case and allow *Rekhter* to proceed. *Pfaff* plaintiffs request that the court consolidate *Pfaff* and *Rekhter*, appoint *Pfaff* counsel as interim counsel for the putative class of beneficiaries and *Rekhter* counsel as interim counsel for the putative class of caregivers, and permit *Pfaff* and *Rekhter* counsel to submit a cooperatively developed management plan or inform the court of counsel's inability to develop the plan. C07-5280RJB, Dkt. 11.

Fed.R.Civ.P. 42(a) provides as follows:

> Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning the proceedings therein as may tend to avoid unnecessary costs or delay.

In this case, it appears that consolidation rather than a stay would promote efficiency and fairness. Both cases are before the court. Since the putative classes in both cases appear to overlap, based upon the same facts, presenting similar and overlapping, if not essentially identical, legal issues, these cases should be managed in conjunction with one another. The court should deny defendants' motion to stay *Pfaff* and grant the *Pfaff* motion insofar as it seeks to consolidate *Pfaff* and *Rekhter*. If it becomes apparent as these cases progress that consolidation is not the most efficient or fair way of managing them, the court may then order that the cases proceed separately.

### 2. Interim Counsel and Preliminary Matters

*Rekhter* opposed *Pfaff's* motion to consolidate. *Rekhter* counsel contend that the putative classes will be well represented by the two law firms that have appeared in *Rekhter*. Rekhter counsel has already filed a motion for class certification. C07-5306RJB, Dkt. 5. Rekhter counsel has not, however, been appointed interim counsel pursuant to Fed.R.Civ.P. 23(g).

In seeking the motion to stay, defendants expressed their concern over, among other things, the cost of representation, which may ultimately be paid for by defendants. The court is very concerned about the risk that the costs of representation will escalate needlessly and without control.

It is the court's responsibility to ensure that all parties in these cases are treated fairly. The tone of

ORDER
Page - 6

some of the pleadings regarding qualifications and experience of counsel has not reflected well on the writers. These pleadings leave the impression that a motive behind these cases may be generating attorneys' fees, in addition obtaining relief for clients. The often difficult dilemma for an attorney is putting the interests of the client ahead of the financial interest of the attorney, but that is what an attorney is expected to do. Time spent for legal work related to disputes over who is going to manage the litigation might not be recoverable as part of fees, if any, to be awarded by the court.

The court is not prepared, based upon the pleadings filed to date, to appoint any of the counsel who have appeared in these cases as interim class counsel. It is difficult to understand why three law firms should be needed to represent the putative class in the consolidated case, at least during the liability stage of the proceedings. Nonetheless, before the court appoints interim counsel, counsel who have appeared in these cases should have the opportunity to present to the court an agreed-upon case management plan. That case management plan should (1) address all of the factors set forth in Fed.R.Civ.P. 23 (g); (2) designate which firm or firms should serve as interim counsel and what functions/responsibilities the firm or firms should have; (3) present a case plan for resolving preliminary issues, including a motion for class certification, motions to limit the scope of the case (e.g. whether recovery is limited to certain time periods, as suggested by defendants) and the scope and extent of necessary discovery. This plan should focus on how the parties may best be represented and how the costs and complications involved in prosecuting and defending this case may be limited and controlled.

If the parties cannot agree on a case management plan, as outlined above, they should so inform the court. In that event, counsel may file motions for appointment of interim class counsel. Those motions should address the factors set forth in the preceding paragraph. In the absence of agreement, the court will appoint interim counsel and issue a case management order that the court believes will be in the interest of just, speedy, and inexpensive determination of these cases. *See* Fed.R.Civ.P. 1.

**3. State Case**

Although the court does not have complete information on *SEIU 775 v. Robin Arnold-Williams*, King County No. 07-2-17710-8SEA, the case filed in King County Superior Court, there may be joint case management issues that need to be addressed as the federal and state cases proceed. Accordingly, the parties should send copies of any pleadings filed in these consolidated cases to counsel in the *SEIU 775*

ORDER
Page - 7

case. The court will identify counsel in *SEIU 775* and will send copies of any orders in these consolidated cases to counsel in that case and to the assigned King County Superior Court Judge, the Hon. Sharon Armstrong.

**4. Motion for Class Certification**

A motion for class certification is pending in *Rekhter*. C07-5306RJB, Dkt. 5. That motion is not ripe for consideration, given the state of these proceedings. The motion may be renoted for consideration at the time the parties file the case management plan. If the parties notify the court that they are unable to file an agreed case management plan, the court may renote or strike the motion without prejudice.

Therefore, it is hereby

**ORDERED** that defendants' Motion to Stay Pending Disposition of a Previously Filed Case Seeking the Same Relief on Behalf of the Same Class on the Same Legal Bases (C07-5280RJB, Dkt. 6) is **DENIED**. Plaintiff's Motion for Consolidation and Appointment of Interim Counsel on Behalf of Putative Class of Medicaid Beneficiaries (C07-5280, Dkt. 11) is **GRANTED** in the following respect only: the above-captioned cases, *Rekhter* v. *State of Washington, et al.,* C07-5306RJB, and *Pfaff v. Arnold-Williams*, C07-5280RJB, are **CONSOLIDATED**. All future pleadings shall bear the consolidated caption and further pleadings and orders regarding these cases shall be filed in *Pfaff v. Arnold-Williams*, C07-5280RJB, the first case removed to this court. Not later than September 7, 2007, the parties are **ORDERED** to file an agreed case management plan, as set forth above, or to inform the court that the parties are unable to agree on a case management plan. If the parties are unable to agree on a case management plan, not later than September 7, 2007, a party or parties may file a motion for appointment as interim counsel, as stated above. The motion for class certification (C07-5306RJB, Dkt. 5) is **STRICKEN** from the court's calendar but remains pending.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of August, 2007.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge