1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
9        AT TACOMA

10   NATASHA PFAFF,

11              Plaintiff                    Case No. 07-5280RJB

12        v.                                 ORDER

13   STATE OF WASHINGTON, DEPARTMENT
     OF SOCIAL AND HEALTH SERVICES, et
14   al.,

15              Defendants.

16   _____

17   LEYA REKHTER, et.al.,

18              Plaintiffs

19        v.

20   STATE OF WASHINGTON, DEPARTMENT
     OF SOCIAL AND HEALTH SERVICES, et
21   al.,

22              Defendants.

23

24        This matter comes before the Court on five motions: (1) Plaintiff Pfaff's Motion for

25   Appointment of Interim Counsel for Proposed Class of Medicaid Beneficiaries (Dkt. 37); (2) Plaintiff

26   ORDER- 1

1   Pfaff's Motion for Certification of the Class of Medicaid Beneficiaries (Dkt. 37-2); (3) Plaintiff

2   Rekhter's Motion for Appointment of Interim Class Counsel (Dkt. 41); (4) Plaintiff Rekhter's

3   Motion for Class Certification (Dkt. 45); and (5) Defendants' Motion to Strike Declaration of John

4   A. Strait (Dkt. 46).  The Court has considered the motions and responses to motions, and the

5   remainder of the file herein.

6                                   PROCEDURAL HISTORY

7           On May 4, 2007, *Rekhter* v. *State of Washington, et al.* (hereafter *Rekhter*) was filed in

8   Thurston County Superior Court, cause number 07-2-00895-8.  C07-5306RJB, Dkt. 1, Exh. A.  On

9   June 20, 2007, the *Rekhter* case was removed to federal court.   C07-5306RJB, Dkt. 1.

10          On May 8, 2007, *Pfaff v. Arnold-Williams*, (hereafter *Pfaff*) was filed in Thurston Count

11  Superior Court under cause number 07-2-00911-3.  C07-5280, Dkt. 1, Exh. A.  On May 18, 2007,

12  Ms. Pfaff filed a First Amended Complaint (Class Action).  C07-5280RJB Dkt. 1, Exh. B.  On June

13  6, 2007, the Pfaff case was removed to federal court.  C07-5280RJB Dkt. 1, Exh. B.

14          A third case, *SEIU 775 v. Robin Arnold-Williams*, King County No. 07-2-17710-8SEA was

15  filed in King County Superior Court during May of 2007.

16          For the purposes of these motions, the court assumes the truth of defendants' account of the

17  context in which these cases arose. *See* Dkt. 6. The cases involve claims on behalf of a class of

18  recipients of personal care services *(Pfaff and Rekhter)* and providers of personal care services

19  *(Rekhter)* through four public assistance programs administered by defendant Washington State

20  Department of Social and Health Services (DSHS).  The four programs are: (1) the Community

21  Options Program Entry System (COPES)(42 U.S.C. § 1396n(c) and RCW § 74.39A.030(2)); (2) the

22  Medicaid Personal Care (MPC) program  (42 U.S.C. § 1396d(a)(24) and RCW 74.l09.520(2)); (3)

23  the Medically Needy In-Home Waiver program (42 U.S.C. § 1396n(c), RCW 74.09.700(2)(a)(i) and

24  RCW 74.39.041(1)); and (4) the Chore Program (RCW 74.39A.220).  While each program is

25  somewhat different, they all have both functional disability and financial eligibility standards that

26  ORDER- 2

1    recipients must meet in order to be eligible for benefits.  The first three programs are Medicaid

2    programs for which the federal government reimburses slightly more than fifty percent of the state's

3    expenditures.  The Chore Program is entirely state funded.

4          Under these programs, DSHS pays for eligible recipients to receive assistance with activities

5    of daily living such as bathing, dressing, eating, and toilet use.  These services are designed to enable

6    the recipients to reside in their homes instead of in institutional settings.  Recipients who are

7    developmentally disabled receive services through the DSHS Division of Developmental Disabilities,

8    and other disabled adults receive services through the DSHS Division of Aging.  The methodology

9    of determining the level of personal assistance for which the recipient is eligible is the same for all

10    recipients.

11          The standard assessment process used by DSHS for determining both eligibility and the

12    number of hours of assistance that will be provided is known as the Comprehensive Assessment and

13    Reporting Evaluation (CARE) process.  The CARE process is set forth in WAC 388-106-0080

14    through -0145.  Prior to June 29, 2007, pursuant to former WAC 388-106-130(b)(3), recipients who

15    chose to have providers who lived with them received fifteen percent fewer hours of paid assistance

16    than those recipients whose providers were not part of the recipients' households. This was known

17    as the shared living rule.

18          On May 3, 2007, the Washington Supreme Court, in *Jenkins v. Washington State Dept. Of*

19    *Social and Health Services*, 160 Wn.2d 287 (2007) held that former WAC 388-106-0130(b)(3) (the

20    Shared Living rule) violated the requirement of 42 U.S.C. § 1396a(a)(10)(B)(i) that the "amount,

21    duration, and scope" of medical assistance available to one recipient of Medicaid services be

22    comparable to the "amount, duration and scope" of assistance available to other recipients.  The

23    *Jenkins* opinion resolved three different administrative appeals of DSHS decisions determining the

24    number of hours that individual recipients were eligible for under the COPES and MPC programs.

25    DSHS filed a motion for reconsideration in *Jenkins*, seeking clarification as to whether the remand

26    ORDER- 3

1    was to the superior courts that heard the administrative appeals or to DSHS pursuant to RCW

2    34.05.574.  That motion may be pending.

3            On the strength of the *Jenkins* ruling, the putative class members want this court to restore

4    the 15% funds lost due to the shared-living rule.

5            On August 17, 2007, this Court consolidated *Rekhter* and *Pfaff*, and ordered that future

6    documents be filed in the *Pfaff* case.  C07-5280, Dkt. 26, at 8.  The Court ordered the parties to file

7    an agreed case management plan.  *Id.*  In the event that the parties could not agree on such a plan,

8    the parties were provided with an option to file a motion for appointment of interim counsel.  *Id.*

9    The parties could not agree on a proposed case management plan. *See* Dkt. 37 and 41.

10                                          <u>DISCUSSION</u>

11           **1. Class Certification**

12           On October 25, 2007, *Pfaff* filed a Motion for Certification of the Class of Medicaid

13   Beneficiaries, proposing the following class:

14           All past and current Washington State Medicaid beneficiaries whose personal care benefits
             were reduced because they lived with their paid caregivers, pursuant to WAC 388-106-0130
15           and its predecessor regulations.

16   C07-5280RJB, Dkt. 37-2, at 5.

17           On July 26, 2007, *Rekhter* moved to certify a class under Fed R. Civ. P 23(b)(3).  See C07-

18   5306RJB, Dkt. 5.  On August 17, 2007, the court struck this motion, but the motion remained

19   pending.  Dkt. 26.  On October 29, 2007, this motion was renoted for November 9, 2007, and the

20   court ordered that the motion, originally filed in C07-5306RJB, be filed by the Clerk in C07-

21   5280RJB.  *See* Dkt. 44. The motion for class certification is now filed as Dkt. 45 in C07-5280RJB.

22           In its motion for class certification, *Rekhter* proposes two class definitions: one for

23   beneficiaries and one for caregivers:

24           1.  <u>Wages/Compensation for Services Rendered (Care Providers)</u>. All care providers for
             recipients receiving personal care benefits under Ch. WAC 388-106 who have had any of
25           their wages/compensation eliminated as a result of the application of the Shared Living Rule

26   ORDER- 4

since the agency rule became effective in August 2003.

    2. <u>Compensation for Back Benefits (Medically Ill Clients)</u>.  All recipients receiving public benefits classified under Ch. WAC 388-106 who have had any elimination of benefits as a result of the application of the Shared Living Rule since the agency rule became effective in August 2003.

Dkt. 45, at 2.

    On November 5, 2007, Defendants filed a Response to Pfaff's Motion for Appointment of Interim Counsel and to Rekhter's Motions for Appointment of Interim Class Counsel and Renewed Motion for Class Certification.  Dkt. 47.  Defendants contend that (1) class certification is appropriate under Fed. R. Civ. P. 23(b)(1) or (2), but not (3); (2) class certification is only appropriate for the purposes of determining liability; (3) no conflict of interest exists between caregivers and beneficiaries; and (4) the class definitions proposed by *Rekhter* and *Pfaff* are not appropriate. Defendants recommend that two classes be formed with slightly different definitions than those proposed by *Pfaff* and *Rekhter,* as follows:

    1.  All persons who (1) were determined eligible for Medicaid funded in-home personal care assistance and (2) had their base hours adjusted downward by fifteen percent because of the operation of Wash. Admin. Code § 388-106-130(b)(3) (or its predecessor), except to the extent that they (3) requested an adjudicative proceeding pursuant to Wash. Rev. Code § 74.08.080 challenging the downward adjustment and have received or will receive back benefits as a result.

    2.  All providers of Medicaid-funded in-home personal care employed by persons who (1) were determined eligible for Medicaid funded in-home personal care assistance and (2) had their base hours adjusted downward by fifteen percent because of the operation of Wash. Admin. Code § 388-106-130(b)(3) (or its predecessor), except to the extent that the recipient-employers of such persons (3) requested an adjudicative proceeding pursuant to Wash. Rev. Code § 74.08.080 challenging the downward adjustment and have received or will receive back benefits as a result.

C07-5280RJB, Dkt. 47, at 8.

    A class action may be appropriate if (1) the members of a class are so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

ORDER- 5

1   and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R.

2   Civ. P. 23(a).

3          If the requirements of subdivision (a) are satisfied an action may be maintained as a class

4   action if:

5          (1) the prosecution of separate actions by or against individual members of the class would
           create a risk of

6

7                  (A) inconsistent or varying adjudications with respect to individual members of the
                   class which would establish incompatible standards of conduct for the party opposing
                   the class, or

8

9                  (B) adjudications with respect to individual members of the class which would as a
                   practical matter be dispositive of the interests of the other members not parties to the
                   adjudications or substantially impair or impede their ability to protect their interests;

10                 or

11         (2) the party opposing the class has acted or refused to act on grounds generally applicable to
           the class, thereby making appropriate final injunctive relief or corresponding declaratory relief

12         with respect to the class as a whole; or

13         (3) the court finds that the questions of law or fact common to the members of the class
           predominate over any questions affecting only individual members, and that a class action is

14         superior to other available methods for the fair and efficient adjudication of the controversy.
           The matters pertinent to the findings include: (A) the interest of members of the class in

15         individually controlling the prosecution or defense of separate actions; (B) the extent and
           nature of any litigation concerning the controversy already commenced by or against

16         members of the class; (C) the desirability or undesirability of concentrating the litigation of
           the claims in the particular forum; (D) the difficulties likely to be encountered in the

17         management of a class action.

18   Fed. R. Civ. P. 23(b).

19          The Court agrees with the parties that class certification is appropriate.  The size of the class

20   is approximately 11,000, making joinder not practicable.  In addition, the Shared Living Rule and its

21   application to beneficiaries and/or caregivers are questions of law and fact common to the class or

22   classes.  The claims of the beneficiaries and caregivers identified in the *Pfaff* and *Rekhter* complaints

23   appear to be typical of the claims of the class or classes.  The identified beneficiaries and caregivers

24   appear to fairly and adequately protect the interests of the class.  Accordingly, the requirements of

25   Fed.R.Civ.P. 23(a) have been met, at least for the liability stage.

26   ORDER- 6

1    The court next analyzes the factors under Fed.R.Civ.P. 23(b)(1) and (2).  The *Pfaff* and

2    *Rekhter* complaints request declaratory and injunctive relief in addition to damages.  If this case were

3    to proceed on a case by case basis, there may be a risk of inconsistent or varying adjudications with

4    respect to individual members of the class.  Further, differing results in individual cases could pose a

5    risk of incompatible standards of conduct for defendants (even though defendants are not, strictly-

6    speaking, opposing the class).  Adjudications with respect to individual members of the class would,

7    as a practical matter, be dispositive of the interests of the other members not parties to the

8    adjudications or could substantially impair or impede their ability to protect their interests.  Finally,

9    defendants have applied the Shared Living rule, based upon an administrative rule that has been

10   generally applicable to the beneficiaries and caregivers, thereby making appropriate final injunctive

11   relief or corresponding declaratory relief with respect to the class as a whole.

12   Defendants oppose certification of the class(es) based upon Fed.R.Civ.P. 23(b)(3), which

13   would require certain notice and opt-out provisions.  *See* Fed.R.Civ.P. 23(c).  At this point,

14   certification of a class(es) appears to be appropriate for the liability stage of the proceedings.

15   Certification for purposes of damages is premature.  Amounts due to plaintiffs, if any, will vary;

16   damages may be based on either federal law or state law, or both; and/or there may be an

17   administrative process for recovery of damages. It does not appear that certification under

18   Fed.R.Civ.P. 23(b)(3) is necessary or appropriate at this time.

19   Accordingly, plaintiffs have met the requirements under Fed.R.Civ.P. 23(a), and under

20   Fed.R.Civ.P. 23(b)(1) and (2) for class certification.  The motions for class certification (Dkt. 37-2

21   and 45) should be granted insofar as classes should be certified for purposes of liability.  Defendants'

22   definition of the classes is appropriately drawn, and the court should certify the classes proposed by

23   defendants.

24

25

26   ORDER- 7

1          **2. Appointment of Interim Class Counsel**

2          On October 25, 2007, *Pfaff* moved the Court to appoint her counsel as interim counsel

3   representing a proposed class of Medicaid beneficiaries pursuant to Fed. R. Civ. P. 23(g). Dkt. 37.

4   *Pfaff* is being represented by Sirianni Youtz Meier & Spoonemoore.   *Pfaff* counsel does not seek to

5   represent any proposed class of caregivers because "a conflict of interest exists between the

6   proposed class of beneficiaries and that of caregivers." *Id.*, at 4.

7          On October 25, 2007, the *Rekhter* plaintiffs moved the Court to appoint their counsel as

8   interim counsel.  Dkt. 41. The *Rekhter* plaintiffs are being represented by two firms: Livengood

9   Fitzgerald & Alskog and Gordon Thomas Honeywell Peterson & Daheim.  Gregory A. McBroom

10   and Kevin B. Hansen have appeared on behalf of Livengood. Under the proposed structure,

11   Livengood would be the lead firm and Gordon Thomas would be "providing assistance when

12   necessary" in a consultation role.  *Rekhter* counsel seeks to represent both beneficiaries and

13   caregivers, and denies any conflict exists between the beneficiaries and caregivers.

14          Defendants recommend that the court appoint *Rekhter* counsel because they have indicated a

15   willingness to represent both putative classes.

16          Fed.R.Civ.P. 23(g) sets forth the requirements for appointment of class counsel.

17          **(g) Class Counsel.**
           **(1) Appointing Class Counsel.**

18
19          (A) Unless a statute provides otherwise, a court that certifies a class must appoint
            class counsel.

20          (B) An attorney appointed to serve as class counsel must fairly and adequately
            represent the interests of the class.

21
22          (C) In appointing class counsel, the court

23                 (i) must consider:
                   • the work counsel has done in identifying or investigating potential claims in
                   the action

24                 • counsel's experience in handling class actions, other complex litigation, and
                   claims of the type asserted in the action,

25

26   ORDER- 8

1

2

• counsel's knowledge of the applicable law, and

• the resources counsel will commit to representing the
class;

3

4

(ii) may consider any other matter pertinent to counsel's ability to fairly and
adequately represent the interests of the class;

5

6

(iii) may direct potential class counsel to provide information on any subject
pertinent to the appointment and to propose terms for attorney fees and
nontaxable costs; and

7

(iv) may make further orders in connection with the appointment.

8   Fed.R.Civ.P. 23(g)(1).

9          At this point, particularly for purposes of liability, it appears that only one law firm should

10  represent the putative class.  All three law firms appear qualified to adequately protect the interests

11  of the classes.  All counsel appear to have worked diligently to identify and investigate potential

12  claims. Livengood appears particularly capable of representing the classes, because this law firm has

13  been involved with the Shared Living Rule since 2004, and Mr. McBroom was lead counsel in

14  *Jenkins*, the state case that invalidated the Shared Living rule. Livengood appears to be ready to

15  commit the resources needed to represent the classes. The court has not been persuaded that both of

16  the law firms appearing in *Rekhter* are required in order to address and manage the class action.

17  Moreover, it is not appropriate to appoint *Pfaff* counsel to represent the classes certified by this

18  order, since *Pfaff* counsel believe that there is an inherent conflict of interest between the

19  beneficiaries and the caregivers.  While a conflict of interest could potentially arise between

20  beneficiaries and caregivers at the damages phase of this litigation, there does not appear to be a

21  conflict of interest at the liability phase.  The potential conflicts raised by *Pfaff* counsel are

22  speculative and do not warrant separate counsel at this time.  If conflicts of interest should later

23  arise, counsel is bound the Rules of Professional Conduct, and should notify the court of the conflict.

24

25

26  ORDER- 9

1    Accordingly, the court should deny *Pfaff's* motion appoint *Pfaff* counsel as interim counsel

2    (Dkt. 37) and grant in part *Rekhter's* motion to appoint *Rekhter* counsel as interim class counsel

3    (Dkt. 41).  The court should appoint Gregory A. McBroom and Kevin B. Hansen of  Livengood

4    Fitzgerald & Alskog as class counsel.

5    **3. Defendants' Motion to Strike Declaration of John A. Strait**

6    On November 1, 2007, Defendants moved the Court to strike John Strait's declaration,

7    which was submitted by *Pfaff*.  Dkt. 46. Defendants contend that the declaration constitutes

8    improper purported expert testimony on a question of law.

9    An issue of particular concern to the court is whether there is a conflict of interest in this case

10   between the beneficiaries and the caregivers.  The declarations of Mr. Strait and David Boerner, both

11   well qualified law professors, have been helpful to the court in examining the conflict of interest

12   issue.  The motion to strike the declaration of John Strait should be denied.

13   **4.  Hearing**

14   The court has several concerns that should soon be addressed, before a case management

15   schedule is adopted.  Class counsel and defendants should be prepared to address the following

16   issues at a hearing to be scheduled by the Clerk.

17   •    Whether this Court is bound by the *Jenkins* decision.

18   •    Whether there is an administrative process for beneficiaries or caregivers who wish to

19        challenge the 15% reduction in benefits under the Shared Living rule.  Is the Shared

20        Living rule really an "irrebuttable presumption"?

21   •    Whether federal claims and/or all claims can be resolved by dispositive motions.

22   •    Whether all payments by defendants are made to the account of a beneficiary, and if

23        so, whether the caregivers have standing to pursue claims on their own behalf.

24   •    Whether the potential conflict will require appointing separate counsel for a damages

25        phase of the litigation.

26   ORDER- 10

1    •    Whether defendants have an administrative mechanism in place to determine the

2         damages issues.  In other words, if defendants are found liable, do defendants have an

3         administrative process to compensate both classes?  If so, would the court need to

4         address damages after liability is determined?

5    •    Class counsel's proposals for limiting expenses of litigation.

6    •    Whether a separate "settlement track" should be established at this time.

7    •    The status of the state cases (*Jenkins v. Washington State Dept. Of Social and Health*

8         *Services*, 160 Wn.2d 287 (2007); and *SEIU 775 v. Robin Arnold-Williams*, King

9         County No. 07-2-17710-8SEA) and their relationship to this federal proceeding.

10   Prior to the hearing , the parties may brief the issues in writing, if they choose to do so.

11        Therefore, it is hereby

12        **ORDERED** that *Pfaff's* Motion for Certification of the Class of Medicaid Beneficiaries

13   (C07-5280RJB, Dkt. 37-2) and *Rekhter's* Motion for Class Certification (C07-5280RJB, Dkt. 45)

14   are **GRANTED** insofar as the following classes are **CERTIFIED** only for purposes of determining

15   whether defendants are liable to plaintiffs. The class definition will include beneficiaries and

16   caregivers, less those who have already been compensated, as follows:

17        1. All persons who (1) were determined eligible for Medicaid funded in-home personal care
          assistance and (2) had their base hours adjusted by fifteen percent because of the operation of
18        Wash. Admin. Code § 388-106-130(b)(3) (or its predecessor), except to the extent that they
          (3) requested an adjudicative proceeding pursuant to Wash. Rev. Code § 74.08.080
19        challenging the downward adjustment and have received or will receive back benefits as a
          result.
20
          2. All providers of Medicaid-funded in-home personal care employed by persons who (1)
21        were determined eligible for Medicaid funded in-home personal care assistance and (2) had
          their base hours adjusted by fifteen percent because of the operation of Wash. Admin. Code §
22        388-106-130(b)(3) (or its predecessor), except to the extent that they (3) requested an
          adjudicative proceeding pursuant to Wash. Rev. Code § 74.08.080 challenging the downward
23        adjustment and have received or will receive back benefits as a result.

24   *Pfaff's* Motion for Appointment of Interim Counsel for Proposed Class of Medicaid Beneficiaries

25   (C07-5280RJB, Dkt. 37) is **DENIED**.  *Rekhter's* Motion for Appointment of Interim Class Counsel,

26   ORDER- 11

1   (C07-5280RJB, Dkt. 41) is **GRANTED IN PART**, and Gregory A. McBroom and Kevin B. Hansen

2   of  Livengood Fitzgerald & Alskog are **APPOINTED** as class counsel.  Defendants' Motion to

3   Strike Declaration of John A. Strait (C07-5280RJB, Dkt. 46) is **DENIED**.

4           The Clerk is directed to send uncertified copies of this Order to all counsel of record and to

5   any party appearing *pro se* at said party's last known address. The Clerk is further directed to

6   schedule oral argument on the matters identified above, as soon as the court's schedule permits.

7           DATED this 27th day of November, 2007.

8

9

10                                          ROBERT J. BRYAN
                                            United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER- 12